### Ernest F. Johnston v. Maggie E. Campiau.

1. JURY—*Province of—Questions of Fact.*—Where the evidence is conflicting, it is the peculiar province of the jury to say where the truth was.

2. PRACTICE—*Re-opening Cases, Discretionary.*—A court commits no error in re-opening a case after the defendant has concluded his testimony.

Assumpsit, for services as a domestic. Trial in the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

CHAS. A. BARNES, attorney for appellant.

L. O. VAUGHT, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $44.07 which appellee recovered from appellant for services as a domestic. The controversy is wholly one of fact.

Appellee testified to a contract made in St. Louis, whereby she was to serve appellant as housekeeper in Jacksonville for $12 per month; that she served him several months and that there was due her after allowing all credits $44.07. Appellant testified that the contract was that appellee should serve him for her clothing and necessary expenses, which he had furnished her.

Appellant urges as the chief ground for reversing this

insignificant judgment that the jury should have believed him instead of appellee. There is nothing in the case to merit an extended discussion. It was the peculiar province of the jury to say where the truth was, and we are not disposed to disturb their finding, although there was some corroboration of appellant by a succeeding housekeeper, who testified that appellee had told her she was working for her clothing and expenses.

The court committed no error in re-opening the case after appellee had concluded her testimony or in giving instructions. Judgment affirmed.